IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01906-JLK-MJW

JON J. MAXEY,

    Plaintiff,

v.

RESTAURANT CONCEPTS II, LLC,
a Georgia limited liability company,

    Defendant.

---

**ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL (DOCKET NO. 38)**

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

    This matter is before the court on Plaintiff's Motion to Compel (docket no. 38). The court has reviewed the subject motion (docket no. 38), the response (docket no. 41) thereto, and reply (docket no. 51). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

    The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties to this lawsuit;

    2.    That venue is proper in the state and District of Colorado;

    3.    That each party has been given a fair and adequate opportunity to be heard;

4. That Plaintiff seeks an order from this court compelling Defendant to supplement its responses to Plaintiff's interrogatories 3, 4, 9,19, 20, and 22 and Plaintiff's Request for Production ("RFPs") 7, 8, 9, 12, 16, 18, and 20. Plaintiff also requests that Defendant produce all documents that it withheld based on an assertion of privilege but for which it failed to produce a privilege log;

5. That this is a Title VII and 42 U.S.C. § 1981 case, in which Plaintiff alleges unlawful transfer, termination, and retaliation. In the three and one half years that Plaintiff worked for Defendant's restaurants, Plaintiff was stationed at only two of Defendant's Applebee's Restaurant stores. Those two stores were known as the Colorado Boulevard Applebee's Restaurant store and the Tamarac Square Applebee's Restaurant store. It should be noted that Defendant has 29 store locations in Colorado ("Colorado Stores") and 104 store locations nationwide;

6. That the district court has broad discretion over the control of discovery. Gaines v. Ski Apache, 8 F.3d 726, 730 (10th Cir. 1993);

7. That as to Plaintiff's interrogatories 3, 4, 9, and 20, the court finds that the scope of time for these interrogatories and the geographical area are both overly-broad. The proper scope of time is three (3) years instead of five (5) years, and the proper geographical area is Colorado, noting that this is not a class action lawsuit. See James v. Newspaper Agency Corp., 591 F.2d 579,

582 (10th Cir. 1979). Accordingly, Defendant should be required to supplement its responses to Plaintiff's interrogatories 3, 4, 9, and 20 for the last three (3) years as it relates to the 29 Colorado stores only;

8. That as to Plaintiff's interrogatory 19, the court finds that Defendant's response is not complete. Defendant shall supplement its response to Plaintiff's interrogatory 19 as to all five (5) complaints of discrimination that Plaintiff alleges;

9. That as to Plaintiff's interrogatory 22, the court finds that Defendant has fully responded to this interrogatory, and no further supplemental response is required. Plaintiff may seek further information in this area during his Rule 30(b)(6) deposition; and,

10. That as to Plaintiff's RFPs 7, 8, 9, 12, 16, 18, and 20, the court finds that the scope of time and geographical area for these RFPs are both overly-broad. The proper scope of time is three (3) years instead of five (5) years, and the proper geographical area is Colorado, noting that this is not a class action lawsuit. See James v. Newspaper Agency Corp., 591 F.2d at 582. Accordingly, Defendant should be required to supplement its responses to Plaintiff's RFPs 7, 8, 9, 12, 16, 18, and 20 for the last three (3) years for the Colorado stores only;

11. That plaintiff's request that Defendant produce all documents that it withheld based on an assertion of privilege is denied.

4

# ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS:**

1. That Plaintiff's Motion to Compel (docket no. 38) is **GRANTED IN PART AND DENIED IN PART**;

2. That the Subject Motion (docket no. 38) is **GRANTED** as follows:

   a. That Defendant shall be required to supplement its responses to Plaintiff's interrogatories 3, 4, 9, and 20 for the last three (3) years as to the 29 Colorado stores only;

   b. That Defendant shall be required to supplement its responses to Plaintiff's RFPs 7, 8, 9, 12, 16, 18, and 20 for the last three (3) years as to the 29 Colorado stores only;

   c. That Defendant shall provide the above supplemental responses to Plaintiff on or before December 8, 2008;

3. That the remainder of the Subject Motion (docket no. 38) is **DENIED**; and,

4. That each party shall pay their own attorney fees and costs since the court finds under these circumstances an award of expenses would be unjust.

Done this 17th day of November 2008.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE